# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVENA L. LAVERTY,<br>    Plaintiff, | : | CASE NO.: |
| | : | |
| vs. | : | |
| | : | |
| THE PUBLIC LIBRARY FOR<br>UNION COUNTY,<br>    Defendant. | : | |

## COMPLAINT

Davena L. Laverty, Plaintiff, by and through the undersigned counsel, Gregory A. Stapp, Esquire, hereby files this Complaint against Defendant, The Public Library for Union County, (hereinafter referred to as "Defendant"). In support of the claims set forth herein, Plaintiff alleges and avers as follows:

### I. SUMMARY OF THE ACTION

1. Without any official mandate from the federal or state government, the Defendant notified employees on August 19, 2021, that effective August 23, 2021, staff would be required to wear masks in public areas of the library or within close proximity to another staff member. (See Exhibit "A" attached hereto.) Despite mandating masking of the library staff, the Defendant did not require members of the public to mask when on the premises. Plaintiff, a Christian, was hired by the Defendant to perform the job of Children's Programing Assistant on January 10, 2018. Plaintiff worked 35 hours a week, full-time with a salary and full benefits,

i.e., paid vacation, paid sick, paid personal time, paid holidays, medical insurance, dental insurance, and vision insurance, etc. Following the mandate by the Defendant, Plaintiff immediately submitted a request for exemption from the masking mandate based upon her "strongly held moral, ethical and religious beliefs." (See Exhibit "B" attached hereto.) Plaintiff went to work on August 23, 2021, and did not comply with the masking mandate while waiting for a reply to her request for exemption. On August 25, 2021, her immediate supervisor, Mary K. Harrison, sent her multiple letters related to her request for religious exemption, first indicating that there would be a meeting between the Plaintiff and the author of the letter (Harrison) the same day at 10:30 a.m. (See Exhibit "C", attached hereto.) Harrison then provided a second letter asking for a written explanation of why wearing protective covering is a religious infraction and cites to U.S. Equal Employment Opportunity Commission policy regarding accommodations of religious beliefs. (See Exhibit "D", attached hereto.) Finally, Harrison at approximately 4:30 p.m. on August 25, 2021, forwarded a letter purportedly authored by Roberta Green, Director of the Public Library for Union County, demanding a written answer from the Plaintiff before she left for the day on Wednesday, August 25, 2021, "Why were you able to comply with the mask requirement for most of the year and the previous year but are unable to comply now?" (See Exhibit "E", attached hereto.) Plaintiff provided a written response

within a few minutes of receiving the demand from Roberta Green, requesting additional time to provide a full response. (See Exhibit "F", attached hereto.) The Plaintiff submitted a complete explanation of her religious beliefs which were the basis for her request for a religious exemption. (See Exhibit "G", attached hereto.) On August 26, 2021, Roberta Green directed the Plaintiff to explain and justify her religious basis for her exemption request and directed her to work from home from August 27, 2021 through September 3, 2021, and if the issue of the requested religious exemption is not resolved, the Plaintiff will be required to use her earned vacation time and personal time, but the Plaintiff will not be permitted to be on the library premises without complying with the mask mandate. (See Exhibit "H", attached hereto.) On September 1, 2021, the Plaintiff requested an accommodation to work in another position, which was recently vacated by a previous employee which would not entail contact with anyone in the library or with patrons. (See Exhibit "I", attached hereto.) On September 3, 2021, Roberta Green, as a representative of the Defendant denied the Plaintiff's religious exemption and denied her requested accommodation. Green offered to allow the Plaintiff to reduce her hours from a full-time employee to 15 hours per week, her benefits would remain in place only until the end of September 2021. On September 7, 2021and September 8, 2021, Plaintiff worked remotely and at the end of the day on September 8, 2021, without notice, her remote access was denied and her

3

supervisor informed her that her access was removed. On September 9, 2021, she went into the library and specifically asked Roberta Green if she was being terminated. After repeated requests for an answer, Green said she was being terminated as a result of her request for religious exemption to the mask policy. (See Exhibit "J", attached hereto.)

As a result of the Defendant's action, the Plaintiff has suffered financially and emotionally.

## II. THE PARTIES

2. Plaintiff, Davena L. Laverty, is an adult individual currently residing at 235 N. 4th Street, Lewisburg, Union County, Pennsylvania. (Hereinafter referred to as "Plaintiff").

3. Defendant, The Public Library for Union County is a non-profit organization duly organized and operating under the laws of the Commonwealth of Pennsylvania with a principal address at 255 Reitz Boulevard, Union County, Pennsylvania. (Hereinafter referred to as "Defendant").

4. At all times relevant hereto, the Defendant received funds from a government organization, namely County of Union, Commonwealth of Pennsylvania.

5. The Middle District of Pennsylvania is the judicial district within which the unlawful practices complained of herein were committed.

6. At all times relevant hereto, the Plaintiff was a resident of the Commonwealth of Pennsylvania.

### III.   JURISDICTION AND VENUE

7. Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3), (4), and 42 U.S.C. §1983.

8. There exists an actual and justiciable controversy between Plaintiff and Defendant requiring resolution by this Court.

9. Plaintiff has no adequate remedy at law.

10. Venue is proper before the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. §1391 because all parties reside or otherwise are found herein, and all acts and omissions giving rise to Plaintiffs' claims occurred in the Middle District of Pennsylvania.

### IV.   FACTS

11. At all times relevant hereto, Plaintiff was an employee of the Public Library for Union County.

12. Plaintiff was hired by Defendant on or about January 10, 2018. Plaintiff began her full-time employment with Defendant as the Children's Programing Assistant.

13. Plaintiff is a practicing Christian.

14. Plaintiff received benefits in the nature of paid vacation, sick and personal time, paid medical, dental and vision insurance as an employee of the Defendant.

15. Without any official mandate from the federal or state government, the Defendant notified employees on August 19, 2021, that effective August 23, 2021, staff would be required to wear masks in public areas of the library or within close proximity to another staff member.

16. Despite mandating masking of the library staff, the Defendant did not require members of the public to mask when on the premises and in fact specifically set forth a policy that patrons of the library who did not conform to the masking policy would be permitted to be on the premises.

17. Following the mandate by the Defendant, Plaintiff immediately submitted a request for exemption from the masking mandate based upon her "strongly held moral, ethical and religious beliefs."

18. Plaintiff went to work on August 23, 2021, and did not comply with the masking mandate while waiting for a reply to her request for exemption.

19. On August 25, 2021, her immediate supervisor, Mary K. Harrison, sent her multiple letters related to her request for religious exemption, first indicating that there would be a meeting between the Plaintiff and the author of the letter (Harrison) the same day at 10:30 a.m.  Harrison then provided a second letter

asking for a written explanation of why wearing protective covering is a religious infraction and cites to U.S. Equal Employment Opportunity Commission policy regarding accommodations of religious beliefs. Finally, Harrison at approximately 4:30 p.m. on August 25, 2021, forwarded a letter purportedly authored by Roberta Green, Director of the Public Library for Union County, demanding a written answer from the Plaintiff before she left for the day on Wednesday, August 25, 2021.

20. Plaintiff provided a written response within a few minutes of receiving the demand from Roberta Green, requesting additional time to provide a full response

21. On August 26, 2021, Roberta Green directed the Plaintiff to explain and justify her religious basis for her exemption request and directed her to work from home from August 27, 2021 through September 3, 2021, and if the issue of the requested religious exemption is not resolved, the Plaintiff will be required to use her earned vacation time and personal time, but the Plaintiff will not be permitted to be on the library premises without complying with the mask mandate.

22. On September 1, 2021, the Plaintiff requested an accommodation to work in another position, which was recently vacated by a previous employee which would not entail contact with anyone in the library or with patrons.

23. On September 3, 2021, Roberta Green, as a representative of the

Defendant denied the Plaintiff's religious exemption and denied her requested accommodation.

24. Green offered to allow the Plaintiff to allow her to reduce her hours from a full-time employee to 15 hours per week, her benefits would remain in place only until the end of September 2021.

25. On September 7, 2021and September 8, 2021, Plaintiff worked remotely and at the end of the day on September 8, 2021, without notice, her remote access was denied and her supervisor informed her that her access was removed.

26. On September 9, 2021, she went into the library and specifically asked Roberta Green if she was being terminated. After repeated requests for an answer, Green said she was being terminated as a result of her request for religious exemption to the mask policy.

27. Plaintiff, believes and therefore avers, that she was fired only as a result of her Christian beliefs related to mask mandate.

28. It is clear from the Defendant's conduct in firing a practicing Christian for allegedly violating her mask policy while not requiring others to wear a mask on the premise constitutes religious discrimination.

29. A substantial, motivating, or determinative factor in Plaintiff's termination was her religion.

## COUNT I
## 43 P.S. § 951, et seq. - Pennsylvania Human Relations Act, § 5

30. Paragraphs 1-29 are incorporated herein as though fully set forth.

31. PHRC § 5 provides, in pertinent part: "It shall be an unlawful discriminatory practice... For any employer because of the race, color, religion creed, ancestry, age, sex, national origin or non-job-related handicap or disability of any individual to refuse to hire or to employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions, or privileges of employment." 43 P.S. § 955(a)

32. Plaintiff was treated less favorably than other similarly situated employees because of her religion.

33. Defendant subjected or caused Plaintiff to be subjected to deprivations of her right to equal protection under the Pennsylvania Human Relations Act by terminating and retaliating against Plaintiff because of Plaintiff's religion.

34. Defendant's conduct was willful and motivated by evil motive or intent or, in addition or in alternative, involved reckless, callous, or deliberate indifference and disregard to Plaintiff's rights.

35. As a legal result of Defendant's acts and deprivations, Plaintiff suffered loss of wages, loss of benefits, lost future wages and benefits, emotional distress,

humiliation, loss of standing and reputation in the community, and attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for lost pay and benefits, lost future pay and benefits, compensatory damages, punitive damages, nominal damages, attorney's fees and costs, interest, and all other relief which may be available.

### COUNT II
### 42 U.S.C.A. § 2000e- 2(a)(1) – Unlawful Employment Practices

36. Paragraphs 1-35 are incorporated herein as though fully set forth.

37. 42 U.S.C.A. § 2000e-2(a)(1) provides, in pertinent part: "It shall be an unlawful employment practice for an employer—**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

38. Defendant terminated Plaintiff's employment because of Plaintiff's religion, which is a clear violation of 42 U.S.C.A.§ 2000e-2(a)(1) – Unlawful Employment Practices.

39. Plaintiff was best able and most competent to perform her job of Children's Programming Assistant for the Defendant at all levels and times relevant hereto.

40. Plaintiff was treated less favorably than other similarly situated employees because of Plaintiff's religion.

41. Defendant subjected or caused Plaintiff to be subjected to deprivations of her right to equal protection under 42 U.S.C.A § 2000e-2(a)(1) – Unlawful Employment Practices by terminating and retaliating against Plaintiff because of Plaintiff's religion.

42. Defendant's conduct was willful and motivated by evil motive or intent or, in addition or in alternative, involved reckless, callous, or deliberate indifference and disregard to Plaintiff's rights.

43. As a legal result of Defendant's acts and deprivations, Plaintiff suffered loss of wages, loss of benefits, lost future wages and benefits, emotional distress, humiliation, loss of standing and reputation in the community, and attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for lost pay and benefits, lost future pay and benefits, compensatory damages, punitive damages, nominal damages, attorney's fees and costs, interest, and all other relief which may be available.

## COUNT III
## RELIGIOUS DISCRIMINATION

44. Paragraphs 1 through 43 are hereby incorporated by reference as though

the same were fully set at length herein.

45. Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) quoting from 42 U.S.C. § 2000e–2(a)(1).

46. Art. I § 3 of the Pennsylvania Constitution, "All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; no man can of right be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent; no human authority can, in any case whatever, control or interfere with the rights of conscience, and no preference shall ever be given by law to any religious establishments or modes of worship." 43 P.S. §955(5)(f) states, "It shall be unlawful discriminatory practice…For any employment agency to fail or refuse to classify properly, refer for employment or otherwise to discriminate against any individual because of his race, color, religious creed, ancestry, age, sex, national origin, non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of the user."

47. Defendant had a duty to "[O]ffer a reasonable accommodation to resolve a conflict between an employee's sincerely held religious belief and a

condition of employment, unless such an accommodation would create an undue hardship for the employer's business." *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004).

46. Once an employee demonstrates that their religious belief conflicts with an employment condition, "the burden then shifts to the employer to show that it offered a reasonable accommodation or, if it did not offer an accommodation, that doing so would have resulted in undue hardship." *Id.*

47. The Plaintiff submitted a request for religious accommodation to the Defendant's policy requiring her to mask informing Defendant that its policy was in conflict with her sincerely held religious beliefs.

48. Defendants neither offered to accommodate the Plaintiff nor showed that an accommodation would have resulted in "undue hardship."

49. Despite failing to assert an undue hardship, Defendant in fact would not be "unduly burdened" or face hardship in accommodating Plaintiff's requests.

50. Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the Plaintiff who requested a reasonable accommodation.

51. Plaintiff was ready, willing, and able to abide by any reasonable accommodations to Defendant's policy.

52. Plaintiff was terminated due to her inability to adhere to the Defendant's

policy because of her religious beliefs.

WHEREFORE, Plaintiff demands judgment against Defendant for lost pay and benefits, lost future pay and benefits, compensatory damages, punitive damages, nominal damages, attorney's fees and costs, interest, and all other relief which this Court deems proper.

## COUNT IV
## VIOLATION OF THE EQUAL PROTECTION CLAUSE

53. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54. The equal protection clause of the Fourteenth Amendment guarantees that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

55. The Defendant's actions in allowing citizens of various faiths, including Christian, to be present on Defendant's premises without a mask, while requiring the Plaintiff to wear a mask is a violation of the Equal Protection Clause.

56. Plaintiff believes and therefore avers that the Defendant is treating her sincerely held religious belief that does not allow her to wear a mask differently than other patrons and employees.

WHEREFORE, Plaintiff demands judgment against Defendants for lost pay and benefits, lost future pay and benefits, compensatory damages, punitive damages, nominal damages, attorney's fees and costs, interest, and all other relief which this Court deems proper.

## COUNT V
## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

57. Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58. 42 U.S.C. §2000e requires employers to provide "reasonable accommodations" to employees who request a religious exemption.

59. The Defendant is required to make reasonable accommodations to the religious needs of the employees short of "undue hardship."

60. 21 U.S.C. §360bbb-3(e)(1)(A)(ii) states, "Appropriate conditions designed to ensure that individuals to whom the product is administered are informed—(III) of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks."

61. In the present case, the Plaintiff requested a religious exemption from the EUA approved only masks.

62. Defendant failed to offer a reasonable accommodation to Plaintiff.

15

WHEREFORE, Plaintiffs demand judgment against Defendants for lost pay and benefits, lost future pay and benefits, compensatory damages, punitive damages, nominal damages, attorney's fees and costs, interest, and all other relief which this Court deems proper.

### Jury Demand

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted,

**STAPP LAW, LLC**

Dated:  December 1, 2023

By: /s/ Gregory A. Stapp
Gregory A. Stapp, Esquire
Atty. I.D. #78247
153 West Fourth Street, Suite 6
Williamsport, PA 17701
Tel: (570) 326-1077
Email:  GStapp@Stapplaw.net
Counsel for Plaintiff

## VERIFICATION

I, Davena L. Laverty, hereby state and aver that I have read the foregoing document which has been drafted by my counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Davena L. Laverty